* Honorable Damon J. Keith, of the United States Court of Appeals for the Sixth Circuit,

**UNITED STATES of America,**
**Appellee,**

v.

**Eliezer CHAJMOVICZ, Defendant–**
**Appellant.**

**Docket No. 01–1496.**

United States Court of Appeals,
Second Circuit.

March 12, 2002.

Linda A. Lacewell, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney; Alan Vinegrad, United States Attorney, on the brief), E.D.N.Y., Brooklyn, N.Y., for Appellee.

Robert E. Sokolski, N.Y., N.Y.; Meir Moza, Mineola, N.Y., on the brief, for Defendant–Appellant.

Present CALABRESI, CABRANES, KATZMANN, Circuit Judges.

sitting by designation.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

In February 1999, Eliezer Chajmovicz was recruited into a network of individuals smuggling MDMA (commonly known as "ecstasy") from Europe into the United States. During February and March of 1999, Chajmovicz made one smuggling trip himself, and recruited three others to take similar trips. One of these recruits, on Chajmovicz's behalf, recruited three additional couriers. Chajmovicz provided some of these individuals with airline tickets and spending money for their trips, as well as a beeper number contact in Europe. In March 1999, two of the couriers recruited by Chajmovicz were caught reentering the United States with MDMA tablets. At this point, Chajmovicz contacted an attorney and agreed to cooperate with the government. In a series of proffer sessions, Chajmovicz provided information to the government about his own involvement in the smuggling network and the involvement of others. Chajmovicz later pled guilty to one count of importation of MDMA, in violation of 21 U.S.C. § 952(a). The government agreed to write a U.S.S.G. § 5K1.1 letter informing the sentencing judge of Chajmovicz's assistance.

The presentence report ("PSR") found Chajmovicz to be responsible for the importation of 268,950 MDMA tablets. This drug quantity was based on the amounts seized from the two couriers who were caught, as well as estimated amounts smuggled by Chajmovicz, two other couriers who had traveled with him to Europe, and the other couriers Chajmovicz had recruited. *See* U.S.S.G. § 1B1.3. The PSR also recommended a three-level enhancement for Chajmovicz's role in the offense,

pursuant to U.S.S.G. § 3B1.1, and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The total recommended offense level was thirty-two, which carries a range of imprisonment of one hundred twenty-one to one hundred fifty-one months. The district court adopted the guideline calculations and the recommendations of the PSR, and departed downward on the basis of the government's § 5K1.1 letter to a sentence of eighteen months of imprisonment, with a recommendation that Chajmovicz be placed in the Shock Incarceration Program. The court also sentenced Chajmovicz to three years of supervised release.

On appeal, Chajmovicz argues primarily that the district court erred in imposing an enhancement for his role in the offense and in its determination of the drug quantities for which he was responsible. As the district court noted, the PSR correctly determined the quantities of drugs attributable to Chajmovicz. *See* U.S.S.G. 2D1.1, cmt., application note 12 ("Where there is no drug seizure ..., the court shall approximate the quantity of the controlled substance."); *United States v. Miller*, 116 F.3d 641, 684 (2d Cir.1997) ("[T]he quantity of narcotics attributable to a given defendant may be approximated ...."); *see also United States v. Shonubi*, 103 F.3d 1085, 1090–92 (2d Cir.1997) (requiring district courts to base any estimate of drug quantity on "specific evidence" about the quantity for which a given defendant is responsible, including drug records, admissions, live testimony, and the like); *see also United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir.1996); *United States v. Perrone*, 936 F.2d 1403, 1416–17 (2d Cir. 1991). The district court also properly found that, given Chajmovicz's hiring and managing of participants in the smuggling network, a three-level enhancement under § 3B1.1 was appropriate.

We have considered all of appellant's other arguments and find them to be meritless. Accordingly, we AFFIRM the sentence of the district court.